**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kelly and David Hillbeck,  Civil No. 16-3345 (DWF/SER)

      Plaintiffs,

v.  **MEMORANDUM**
    **OPINION AND ORDER**
Accounts Receivable Services, LLC,

      Defendant.

---

Darren B. Schwiebert, Esq., DBS Law LLC, counsel for Plaintiffs.

Jessica L. Klander, Esq., and Michael A. Klutho, Esq., Bassford Remele, PA, counsel for Defendant.

---

# INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant Accounts Receivable Services, LLC ("ARS"). (Doc. No. 8.) For the reasons set forth below, the Court grants the motion.

# BACKGROUND

This dispute arises from ARS's attempt to collect medical debt allegedly owed by Plaintiffs Kelly and David Hillbeck. On October 5, 2015, ARS filed a lawsuit in Anoka County Conciliation Court, Case No. 15-1583, against the Hillbecks alleging that they had unpaid medical debts arising from medical services provided by Allina Health System ("Allina"). (Doc. No. 4 ("Am. Compl.") ¶¶ 6-8.) In the Conciliation-Court

Complaint, ARS alleged that the Hillbecks received medical services at Unity Hospital between January 7, 2012, and March 27, 2013. (Conciliation-Court Complaint ¶ 1.)[1] ARS also alleged that Allina sold and assigned the debt to ARS. (*Id.*) In addition, ARS noted in the complaint that Minnesota law holds spouses jointly and severally liable for medical debt arising from necessary medical services provided while the spouses are living together. (*Id.*)

On December 10, 2015, ARS appeared at the hearing through a non-attorney representative. (Am. Compl. ¶¶ 10, 12.) The Hillbecks appeared with counsel. (*Id.* ¶ 11.) When ARS's non-attorney representative saw that the Hillbecks were represented by counsel, she dismissed the lawsuit without prejudice pursuant to her instructions from ARS. (*Id.* ¶ 13.) After the dismissal, ARS wrote to the Hillbecks seeking to collect the debt. (*Id.* ¶¶ 18-19.) In a subsequent letter, ARS provided the Hillbecks with documents to verify ARS's ownership of the alleged debt. (Am. Compl. ¶ 20; Doc. No. 13 ¶ 2, Ex. A.) The documents identified Kelly Hillbeck as the "Debtor" and David Hillbeck as the "Co-debtor." (Am. Compl. ¶ 21.) The documents also indicated that Allina had accounted for the bad-debt referral on October 10, 2015, which was five days after ARS filed its complaint in conciliation court. (*Id.* ¶¶ 22-23.)

The Hillbecks commenced this action on October 4, 2016. (Doc. No. 1.) Then, on November 29, 2016, the Hillbecks filed an Amended Complaint alleging that ARS

---

[1] The Court takes judicial notice of ARS's conciliation-court complaint, which is repeatedly referenced in Plaintiffs' Amended Complaint. *See Dittmer Props., L.P. v. F.D.I.C.*, 708 F.3d 1011, 1021 (8th Cir. 2013).

violated §§ 1692e(2), 1692e(5), 1692e(10), and 1692f of the Fair Debt Collection Practices Act ("FDCPA").[2] (Am. Compl. ¶ 29.) In the Amended Complaint, the Hillbecks allege that ARS violated the FDCPA by: (1) falsely stating in the Conciliation-Court Complaint that the debt arose from medical services provided to both David and Kelly Hillbeck, instead of just David; (2) falsely stating in the Conciliation-Court Complaint that Allina had sold and assigned the Hillbecks' account to ARS; and (3) falsely identifying Kelly Hillbeck as the "debtor" and David Hillbeck as the "co-debtor" in the subsequent verification documents. (Am. Compl. ¶¶ 9, 15-16, 21.) On January 24, 2017, ARS moved to dismiss. (Doc. No. 8.)[3]

## DISCUSSION

### I. Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court deciding a motion to

---

[2] 15 U.S.C. § 1692, *et seq.*

[3] The Court cites to Defendant's Opening Brief as "Memo." (Doc. No. 10); Plaintiffs' Opposition Brief as "Opp." (Doc. No. 12); and Defendant's Reply Brief as "Reply" (Doc. No. 14).

dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.     The Fair Debt Collection Practices Act

The FDCPA is a consumer-protection statute enacted in part to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). The FDCPA explicitly authorizes private individuals to enforce its provisions. *Id.* § 1692k; *see also Hill v. Accounts Receivable Servs., LLC*, Civ. No. 16-219, 2016 WL 6462119, *6 (D. Minn. Oct. 31, 2016), *appeal filed*, No. 16-4356. The Hillbecks allege violations of §§ 1692e and 1692f. (Am. Compl. ¶ 29.)

### A.     The Hillbecks' Claim Against ARS Under § 1692e

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.*

4

Its sixteen subsections identify particular types of prohibited conduct. *Id.* § 1692e(1)-(16). The Hillbecks claim that ARS falsely represented "the character, amount, or legal status of [a] debt," *id.* § 1692e(2)(A); threatened "to take [an] action that cannot legally be taken," *id.* § 1692e(5); and used "[a] false representation or deceptive means to collect or attempt to collect [a] debt," *id.* § 1692e(10).

Generally, when evaluating whether a debt collector made a "false, deceptive, or misleading" representation, courts view the conduct from the perspective of an unsophisticated consumer. *Janson v. Katharyn B. Davis, LLC*, 806 F.3d 435, 437 (8th Cir. 2015); *see also Powers v. Credit Mgmt. Servs., Inc.*, 776 F.3d 567, 574 (8th Cir. 2015). This standard was "designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *Duffy v. Landberg*, 215 F.3d 871, 875 (8th Cir. 2000). But while the unsophisticated consumer "may be uninformed, naïve, and trusting, [he or she] is not a dimwit, has rudimentary knowledge about the financial world, and is capable of making basic logical deductions and inferences." *Lansing v. LPS Field Servs., Inc.*, Civ. No. 13-655, 2013 WL 5436913, at *5 (D. Minn. Sept. 26, 2013) (adopting report and recommendation).

Even if a statement is a technical violation—that is, the statement is technically false, deceptive, or misleading—courts in this Circuit also require that the misstatement be material. *See, e.g.*, *Erickson v. Performant Recovery, Inc.*, Civ. No. 12-2818, 2013 WL 3223367, at *4 (D. Minn. June 25, 2013); *Caulfield v. Am. Account & Advisors, Inc.*, Civ. No. 12-2761, 2013 WL 1953314, at *2 (D. Minn. May 10, 2013); *Gnoinska v.*

5

*Messerli & Kramer, P.A.*, Civ. No. 12-947, 2012 WL 5382180, at *3 (D. Minn. Nov. 1, 2012). A misrepresentation is material if it "undermined [the plaintiff's] ability to intelligently choose her action regarding the debt." *Caulfield*, 2013 WL 1953314, at *2.

Additionally, courts in the Eighth Circuit have repeatedly concluded that an FDCPA claim based on litigation conduct should be dismissed if the plaintiff cannot identify anyone who was actually deceived by the conduct. *See, e.g.*, *Janson*, 806 F.3d at 437 ("Even if we were to assume that [the debt collector's] attestation were literally false, [the debtor] has not plausibly alleged that he or anyone else was misled by that falsehood."); *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012) ("Nor has the plaintiff produced any evidence showing that the state court judge—or anyone else—'was misled, deceived, or otherwise duped' by [debt collector's] pleadings."); *Hill*, 2016 WL 6462119, at *5 ("In these circumstances—where neither [the plaintiff] nor the conciliation court was misled, and [the plaintiff] won the underlying state court suit—[the plaintiff] fails to plausibly allege a claim under §§ 1692e, 1692f, and their subsections.").

The Hillbecks identify two alleged misstatements in ARS's Conciliation-Court Complaint: (1) an allegation that Kelly Hillbeck received medical services; and (2) an allegation that Allina had assigned and sold the debt to ARS. Additionally, Plaintiffs allege that ARS violated the FDCPA by incorrectly identifying Kelly Hillbeck as a debtor and David Hillbeck as a co-debtor in its verification documents.

To start, the Hillbecks claim that they were confused by the allegation that Kelly Hillbeck received medical treatment. The Conciliation-Court Complaint states that the

Hillbecks received medical services at Unity Hospital between January 7, 2012, and March 27, 2013.  In addition, ARS also noted in the Conciliation-Court Complaint that it could sue both Hillbecks because spouses in certain situations are jointly and severally liable for medical debt.  *See* Minn. Stat. § 519.05(a).

The Court concludes that even if the allegation was technically false, it was not material.  The Hillbecks do not contest the amount that ARS sought or that David Hillbeck received medical services.  Nor do the Hillbecks dispute that Kelly Hillbeck is liable for the debt.  (Opp. at 28.)  The misstatement was therefore not material because it did not alter the fact that ARS could properly sue Kelly Hillbeck.  Thus, ARS's allegation that Kelly Hillbeck received medical services is not actionable under the FDCPA.

Next, the Hillbecks allege that ARS falsely stated that Allina had assigned and sold the Hillbecks' debt to ARS.  The Hillbecks rely on the debt verification, which shows a bad-debt referral on Allina's books five days after ARS filed suit.  The Hillbecks argue that the verification shows that ARS did not have standing to sue when it filed the Conciliation-Court Complaint.  Thus, the Hillbecks argue, they were effectively dragged into court by ARS's false statement.

Courts have struggled with determining what type of litigation conduct violates the FDCPA.  The Eighth Circuit has rejected a blanket rule, opting for a case-by-case analysis.  *Hemmingsen*, 674 F.3d at 819.  And as one might expect, the results have varied.  *See, e.g.*, *Janson*, 806 F.3d at 438 (affirming dismissal of an FDCPA claim brought for the filing of an affidavit not based on personal knowledge); *Hemmingsen*, 674 F.3d at 818-19 (affirming summary judgment dismissing FDCPA claim brought for

misstatements in motion papers); *Carney v. Unifund CCR, LLC*, Civ. No. 16-522, 2016 WL 7115974, at *1 (D. Minn. Dec. 6, 2016) (granting a motion to dismiss of an FDCPA claim brought for alleged misrepresentation from the debt collector in opposing the debtor's garnishment exemption), *appeal filed*, No. 17-1120; *Boldon v. Riverwalk Holdings, Ltd*, Civ. No. 15-2105, 2016 WL 900639, at *4 (D. Minn. Mar. 9, 2016) (denying a motion on the pleadings for an FDCPA claim brought for the intentional maintenance of a claim in the wrong state-court venue, even if the state court dismissed the claim).

Similarly, courts in this District have struggled with the facts similar to this case—that is, where the plaintiff alleges that ARS did not own the debt when it filed suit. *Ferkingstad v. Accounts Receivable Servs., LLC*, Civ. No. 16-3565, 2017 WL 1373261, at *5 (D. Minn. Apr. 13, 2017) (denying motion to dismiss after concluding that even a competent attorney could be confused about whether ARS was the proper owner of the debt and not know how to advise his or her client); *Hill*, 2016 WL 6462119, at *5 (granting a motion on the pleadings for FDCPA claim alleging a falsified bill of sale); *Jorgensen v. Accounts Receivable Servs., LLC*, Civ. No. 16-449, slip op. at 9 (D. Minn. Aug. 31, 2016) (granting a motion on the pleadings for FDCPA claim alleging a falsified bill of sale).[4]

---

[4] The Court also notes that Plaintiffs' counsel has engaged in concerning conduct in this case and others. Currently pending before different courts in this District are five similar FDCPA lawsuits against ARS brought by plaintiffs represented by Plaintiffs' counsel. *Prado v. Accounts Receivable Servs., LLC*, Civ. No. 16-3561; *Zaudtke v. Accounts Receivable Servs., LLC*, Civ. No. 16-3562; *Ferkingstad v. Accounts Receivable*

(Footnote Continued on Next Page)

Here, the Hillbecks allege that Allina's accounting records demonstrated that ARS was not the owner of the debt on the date that ARS filed suit. The Hillbecks do not allege that Allina was also seeking to collect the debt. Nor do the Hillbecks allege the amount ARS sought was incorrect. Additionally, Allina could have assigned the debt without a written agreement, which would have conferred standing. *See Jorgensen*, Civ. No. 16-449, slip op. at 9 (citing 29 Williston on Contracts § 74:4 (4th ed.)). The Court is therefore faced with alternative scenarios: (1) that Allina did transfer the Hillbecks' debt to ARS, which is what allowed ARS to correctly identify the date range, hospital, and cost of the services provided to David Hillbeck; or (2) that ARS somehow improperly gained that information and sued the Hillbecks of its own volition. *See*

---

(Footnote Continued From Previous Page)
*Servs., LLC*, Civ. No. 16-3565; *Norling v. Accounts Receivable Servs., LLC*, Civ. No. 16-3346; *Hillbeck v. Accounts Receivable Servs., LLC*, Civ. No. 16-3345. These five cases arose from conciliation-court actions in Anoka and Hennepin County. The Hillbecks and Norling both had conciliation court hearings on December 10, 2015, for claims filed November 19, 2015. Prado, Zaudtke, and Ferkingstad all had conciliation-court hearings on January 13, 2016, for claims filed November 19, 2015. Despite filing both the Hillbeck and Norling complaints on October 4, 2016, and the Prado, Zaudtke, and Ferkingstad complaints on October 18, 2016, Plaintiffs' counsel did not identify these cases as related in his civil filing as required by Local Rule 3.1. The failure to follow the District's Local Rules is potentially sanctionable conduct. D. Minn. LR 1.3.

Then, on November 29, 2016, Plaintiffs' counsel amended all five complaints to add similar allegations that ARS did not own the debt when it filed the conciliation actions. But rather than seeking to consolidate the cases or otherwise formally notifying the Court of related cases, the parties elected to proceed with separate motions on the same issue in front of separate judges. Other districts explicitly spell out an affirmative duty to inform the Court of related cases, including those that call for determination of similar facts or law. *See, e.g.*, C.D. Cal. R. 83-1.3. From the Court's perspective, the civil cover sheet demands the same conduct from attorneys practicing in this District, especially when the same attorneys are involved in all five cases.

*McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015), *cert. denied sub nom. McDonough v. Anoka Cty., Minn.*, 136 S. Ct. 2388 (2016).  The Court concludes that the Hillbecks' scenario is implausible given the alternative.  For the Hillbecks' scenario to be plausible, they needed to plead facts explaining how ARS accurately described the Hillbecks' debt in the Conciliation-Court Complaint if Allina had not at least assigned the debt to ARS.  *See id.* at 954-55 (affirming that the plaintiff had failed to plausibly plead a claim for improper access of his driver information when the plaintiff did not allege facts "that explain why he would garner Law Enforcement Does' interest").  Without these allegations, the Hillbecks have not adequately pleaded an FDCPA claim premised on ARS not having standing to sue.[5]

Last, the Hillbecks allege that the verification documents were an FDCPA violation because they identified Kelly Hillbeck as a debtor and David Hillbeck as a co-debtor.  The Court concludes that even if this statement was false, it was not material.  As explained above, Minnesota law provides that spouses living together are jointly and severally liable for each other's medical debt for necessary medical services.  Minn. Stat. § 519.05(a).  The Hillbecks do not dispute that Kelly Hillbeck is liable for the medical debt.  (Opp. at 28.)  Thus, whether she was identified as debtor or co-debtor, it does not

---

[5]     Moreover, even if ARS were not the owner of the debt when it filed the Conciliation-Court Complaint, the Hillbecks have not identified anyone who was misled by the allegations, given that the complaint was dismissed.  *Hemmingsen*, 674 F.3d at 819; *see also Hill*, 2016 WL 6462119, at *5.  And even if the Hillbecks were actually confused about whether Allina still owned the debt, they could have quickly remedied the problem by calling Unity Hospital or Allina to confirm the transfer of the debt.

change her options in responding. Plaintiffs' claim based on the verification documents is therefore not actionable under § 1692e.[6]

### B. The Hillbecks' Claim Against ARS Under § 1692f

The Hillbecks also allege that ARS violated § 1692f. (Am. Compl. ¶ 29.) Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. "Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA." *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008). As such, a viable claim under § 1692f must allege conduct that is not addressed by other provisions of the FDCPA. *Id.*; *see also Hill*, 2016 WL 6462119, at *6; *Caulfield*, 2013 WL 1953314, at *7.

The Hillbecks have not pleaded independent conduct in support of their § 1692f claim. Instead, the Hillbecks rely on the same alleged misstatements for both their § 1692e and § 1692f claims. Such claims are covered by § 1692e. The Hillbecks' claim under § 1692f therefore fails.

### ORDER

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS HEREBY ORDERED** that:

---

[6] The Court notes that by the time the Hillbecks received the verification documents, they were represented by counsel. In such circumstances, the Court would analyze whether a "competent attorney" would be confused by the statement. *See Powers*, 776 F.3d at 574. But because the court finds that the Hillbecks' claim is not actionable under the unsophisticated-consumer standard, the Court does not need to apply the more rigorous competent-attorney one.

1. Defendant's Motion to Dismiss (Doc. No. [8]) is **GRANTED**.

2. Plaintiffs' Amended Complaint (Doc. No. [4]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 15, 2017                    s/Donovan W. Frank
                                        DONOVAN W. FRANK
                                        United States District Judge